960 So.2d 782 (2007)
Dale SNIPES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1487.
District Court of Appeal of Florida, Fifth District.
June 8, 2007.
Rehearing Denied July 25, 2007.
James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
*783 GRIFFIN, J.
Appellant, Dale Snipes ["Snipes"], challenges the sentence imposed following his pleas of guilty to three counts of fraud involving securities and RICO violations. He claims that the sentence violates the plea agreement. The terms of the plea agreement are set forth in two documents consisting of a "Plea Agreement" and a "Substantial Assistance Agreement." These documents are lengthy, convoluted and poorly drafted. In apparent recognition of this problem, at the plea hearing, the trial judge and both counsel for the State and Snipes undertook to restate and to clarify the terms of the plea agreement. This exercise only added to the confusion. Ultimately, the agreement failed because of Snipes' inability to comply with a monetary contingency that neither party anticipated would be problematical.
Snipes' interpretation of the agreements is that his incarceration exposure could be no greater than 60.9 months. The State, on the other hand, contends his exposure is substantially greater. The sentencing judge, who was not the judge who accepted the plea, adopted the State's interpretation of the agreement and sentenced Snipes to ten years of incarceration.
After reviewing the record, including the two agreements and the plea hearing, it appears to us that Snipes has the better side of the argument, but there is enough ambiguity that we are unable to say that the trial court erred in refusing to enforce the plea agreement as interpreted by Snipes. However, because of this unresolvable ambiguity, we do think that Snipes ought to be able to withdraw from this plea agreement, if he chooses. Accordingly, our affirmance is without prejudice to Snipes to move to withdraw his plea.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.